IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| ALFRED FRANCIS CHARETTE, | ) | Cause No. CV 08-69-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On September 22, 2008, Petitioner Alfred Francis Charette filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a federal prisoner proceeding pro se. His petition is not accompanied by the $5.00 filing fee or a motion to proceed in forma pauperis, but there is no need to delay resolution of this case based on that issue.

The petition invokes 28 U.S.C. § 2241. See Pet. (doc. 1) at 1 (caption). Petitioner seeks to "have sentence vacated for wrongful conviction." Id. at 1.

A petition under § 2241 is not a proper vehicle for a challenge to a federal sentence or conviction. 28 U.S.C. § 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 para. 5.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

A federal prisoner *must* proceed under § 2255 unless the remedy provided for in that section is, for some reason, inadequate or ineffective. See, e.g., Hayman v. United States, 342 U.S. 205, 214-19 (1952); Jones v. Squier, 195 F.2d 179, 180-81 (9th Cir. 1952); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (holding that, generally, "[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241.").[1] A court has no subject-matter jurisdiction to entertain an application for a writ of habeas corpus if the petitioner has or had an adequate and effective remedy under § 2255. See Lorentson v. Hood, 223 F.3d 950, 956 (9th Cir. 2000).

The remedy under § 2255 is not inadequate or ineffective merely because the Petitioner has already filed a motion under § 2255 and cannot file another without leave from the court of appeals. See, e.g., Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (holding that § 2255 is not inadequate or ineffective where prisoner is denied leave to file second or successive motion). In fact, Petitioner's appeal of this Court's denial of his first § 2255 motion remains pending. See United States v. Charette, No. 07-35851 (9th Cir. filed Oct. 10, 2007). Therefore, there is no basis for the Court to find that Petitioner had no remedy under § 2255. His petition under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction. See Burton v. Stewart, 549 U.S. 147, __, 127 S. Ct.

---

[1] There is an exception when a federal prisoner challenges the manner of execution of his sentence. See, e.g., Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895 n.2 (9th Cir. 1996) ("Cases involving habeas petitions by federal prisoners fall under section 2241, are less frequent and often challenge administration of parole, computation of good time credit, prison conditions and deportation or exclusion.") (citing James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2 (2nd ed. 1994)). The exception does not apply in this case. At any rate, this Court can never entertain a § 2241 petition by a federal prisoner. There are no federal prison facilities in the District of Montana. Therefore, this Court would lack personal jurisdiction over the Warden, who is the only proper Respondent to a § 2241 petition. See, e.g. Rumsfeld v. Padilla, 542 U.S. 426, 439, 443 (2004).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

793, 794 (2007) (per curiam).[2]

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>1st</u> day of October, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

---

[2] The Court will not consider whether a certificate of appealability should issue because a COA is not required for petitions filed under 28 U.S.C. § 2241 where, as here, the detention complained of arises out of process issued by a *federal* court. See 28 U.S.C. § 2253(c)(1)(A), (B).